753 So.2d 696 (2000)
Christine McARDLE, Appellant,
v.
Leo F. McARDLE, Jr., Appellee.
No. 4D99-1753.
District Court of Appeal of Florida, Fourth District.
March 15, 2000.
*697 Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellant.
Thomas J. Ali of Kramer, Ali, Fleck, Carothers & Hughes, Jupiter, for appellee.
PER CURIAM.
Christine McArdle appeals a modification of custody that transfers primary residential custody of the parties' son to his father, denies appellant visitation with their daughter unless the daughter consents, and requires appellant to pay child support based upon imputed income. We affirm the change of custody and the award of child support without discussion. However, we reverse the denial of visitation with the daughter unless the daughter consents and remand for further proceedings.
In the final order, the trial court stated:
Given the Former Wife's thwarted attempt at any reconciliation with her daughter, ... and effectively writing her off, the Court will not award the Former Wife visitation with her at this time. [The daughter] is at an age [fifteen-years-old] where she can understand enough and make choices of her own. She is of sufficient maturity to understand the consequences of the same. If she chooses to visit with her mother, she may do so. If she chooses not to do so, she need not.
As noted in Johnston v. Boram, 386 So.2d 1230 (Fla. 5th DCA 1980), "[t]he noncustodial parent should be granted reasonable visitation with a child unless there is proof of extreme circumstances, or the trial court finds that the visitation will adversely affect the welfare of the child." Id. at 1230; see also Kent v. Burdick, 573 So.2d 61, 63 (Fla. 1st DCA 1990) (noting that absent a finding from the trial court that a parent is unfit, the parent has a due process right to maintain a parental relationship with the child). Here, the order does not state that appellant is unfit, that extreme circumstances preclude visitation, or that visitation would adversely affect the welfare of the daughter. We therefore reverse and remand with instructions for the trial court to reconsider appellant's request for visitation. In the event the trial court determines that the mother should have visitation, the trial court shall set forth the conditions so that they are not unilaterally dependent upon the consent of the daughter.
AFFIRMED in part, REVERSED in part, and REMANDED.
DELL, POLEN and GROSS, JJ. concur.